UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KULDEEP SINGH,

      Plaintiff,

-against-

ALFIA JIVAN,

      Defendant.

Case No. 22-4235

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, KULDEEP SINGH, by his attorneys, THE YITZHAK LAW GROUP, as and for his Complaint against Defendant, ALFIA JIVAN, herein alleges as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff brings this action as a result of Defendant's breach of contract and breach of fiduciary duty under Partnership Agreements between Plaintiff and Defendant pertaining to certain business entities.

### II. PARTIES

2. Plaintiff, KULDEEP SINGH, at all times relevant to this action is a citizen of New York, residing at 44 Vincent Road, Hicksville, Nassau County, New York 11801.

3. Defendant, ALFIA JIVAN, is a citizen of Maryland, residing at 2035 Day Road, Hagerstown, MD 21740.

### III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00. There is diversity jurisdiction between the Plaintiff and Defendant; they are citizens of different states.

1

5. This Court has personal jurisdiction over the Defendant because the monies paid by Plaintiff to Defendant were transferred in the State of New York, and the funds were provided via check drawn from a bank located within the State of New York.

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because, in addition to the Defendant receiving the funds from Plaintiff to create the Partnership Agreements in the Eastern District of New York, the negotiations and the forming of the actual Partnership Agreements occurred in the County of Nassau, State of New York.

### IV. FACTS

7. Plaintiff, KULDEEP SINGH, and Defendant, ALFIA JIVAN, are and have been doing business as partners since sometime between late 2016 and early 2017 when the parties formed a Partnership arrangement involving CBD products. The Partnership was formed via an oral agreement.

8. It was agreed upon and understood that while Plaintiff contributed an initial investment of $150,000.00, Defendant would be responsible for the day-to-day management/operations of the businesses.

9. It was agreed that all decisions relating to the businesses would be made with the consent of both parties, and both parties would share equally in the profits and losses of the businesses.

10. As joint owners, the parties first opened business in Las Vegas, Nevada. They further expanded into the state of Maryland.

11. Said businesses are conducted in name of following entities:

    i. K & A Smoke Shop, LLC;

    ii. DCM, Inc.;

    iii. Liberty Novelty, Las Vegas, LLC; and

      iv.    Liberty Novelty, Maryland, LLC.[1]

12. Plaintiff, as the Secretary (officer) of DCM, Inc., has a thirty-five percent (35%) ownership interest in DCM, Inc. Plaintiff also has a thirty-five percent (35%) ownership interest in Liberty Novelty, Las Vegas, LLC. Plaintiff has a fifty percent (50%) ownership interest in K & A Smoke Shop, LLC.

13. The Businesses have turned out to be very successful and have been generating a strong cash flow. Nevertheless, Defendant has failed to maintain proper accounts of the Businesses, and has failed to provide same to Plaintiff despite Plaintiff's repeated requests for an accounting.

14. To date, there have been no distributions of profits from the Businesses, despite the fact that there has been a surplus of profits.[2] Defendant has and continues to persistently avoid accounting for all profits and losses.

## V. FIRST CAUSE OF ACTION: BREACH OF CONTRACT

15. Paragraphs 1 through 14 are herein incorporated.

16. Defendant and Plaintiff orally agreed to conduct the Businesses. It was agreed that while Defendant would be responsible for the day-to-day operations of the Businesses, Plaintiff would be a silent partner entitled to his respective percentage of the profits. As discussed above, Plaintiff made an initial investment totaling $150,000.00 in the Businesses. It was agreed that all major decisions would be taken by the consent of each partner.

17. The partnership was established sometime in late 2016 or early 2017, and the parties have been doing business together since then.

---

[1] All entities collectively referred to herein as the "Businesses."
[2] In fact, on several occasions Defendant has promised Plaintiff payments totaling $250,000 in profits.

18. Defendant has failed to provide an accounting to Plaintiff- or has failed to maintain the accounts of the Businesses- despite repeated requests for same. Cleary, Defendant has been prolonging the distribution of earned profits.

19. Defendant has promised on several occasions to provide Plaintiff with an accounting, and to distribute profits in accordance with the Partnership Agreements. Nevertheless, there has been no progress on that front for more than three (3) years.

20. The Defendant has, with malafide intentions, prolonged the accounting and distribution of profits.

21. The Businesses have been performing well and Defendant, by blatantly avoiding the Partnership Agreements, seeks to unjustly enrich himself from Plaintiff's contribution of $150,000.00 to the Businesses.

22. The Businesses have been doing very well and have annual sales in excess of one million dollars. However, there have been no distributions of profits.

23. The Defendant has failed to honor the Partnership Agreements by failing to account for and distribute profits in accordance with the agreed upon terms. Defendant has, therefore, breached the Partnership Agreements.

## VI.   SECOND CAUSE OF ACTION:
## BREACH OF FIDUCIARY DUTY OF GOOD FAITH AND FAIR DEALING

24. Paragraphs 1 through 23 are herein incorporated.

25. Defendant has failed to maintain proper accounts of the partnership Businesses.

26. Defendant has been lingering the management of the financial affairs, and has failed to account for the enormous profits made by the Businesses.

27. The Businesses have been doing tremendously well, however, there has been no distribution of profits since their inception.

28. Defendant has been unjustly enriching itself of the benefits derived from the substantial amount of money contributed by the Plaintiff for the Businesses.

## VII. THIRD CAUSE OF ACTION: UNJUST ENRICHMENT

29. Paragraphs 1 through 28 are herein incorporated.

30. Defendant has deceived the Plaintiff into believing that they are conducting business in partnership.

31. Defendant, with malafide intentions, failed to memorialize the oral Partnership Agreements and further incorporate the same.

32. Defendant solicited an amount of $150,000.00 from Plaintiff as contribution to the Businesses in consideration of an equity share of profits from the Businesses.

33. Defendant has not, to date, honored any Partnership Agreement and has failed to account for any profits generated by the Businesses.

34. Defendant has promised distribution of profits on several occasions. However, there have been no distributions of profits from the Businesses.

35. Defendant has unjustly enriched himself of the benefits derived from the Plaintiff's contribution to the Businesses.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays the Court grant it the following relief:

a. An award for compensatory damages for the Breach of Partnership Agreements;

b. An award for putative damages for Defendant's breach of fiduciary duty to Plaintiff;

c. An order dissolving the Businesses and distribution of partnership property;

d. An award for payment of all past due partnership distributions to Plaintiff;

e. Any other such further relief the Court deems just and proper.

## IX.  JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable of right by a jury.

Dated:  Great Neck, New York
       June 28, 2022

                                **THE YITZHAK LAW GROUP**
                                *Attorneys for Plaintiff*

                                By: _____
                                Erica T. Yitzhak, Esq.
                                1 Linden Place, Suite 406
                                Great Neck, New York 11021
                                (516) 466-7144
                                erica@etylaw.com

## CERTIFICATION AND VERIFICATION

STATE OF NEW YORK )
                  ) ss:
COUNTY OF _____ )

KULDEEP SINGH, being duly sworn, deposes and states:

I am a Plaintiff in the within action. The foregoing Complaint is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this Complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with the requirements of Rule 11.

Dated: 7/13/ , 2022

_____
KULDEEP SINGH

Sworn to before me this
13 day of July 2022

_____
Notary Public

Erica T. Yltzhak
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02YI6269810
Qualified in Nassau County
Commission Expires October 9, 20 24

7