

**Baruch S. Gottesman**
Attorney and Counselor at Law

September 14, 2022

**<u>Via ECF</u>**
The Hon. District Judge Brian M. Cogan
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

<div style="margin-left:2em">

Re:   Request for Pre-Motion Conference (Motion to Dismiss)
      Singh v. Jivan
      <u>E.D.N.Y. Index No. 2:22-cv-4235-BMC</u>

</div>

Your Honor:

## I.      <u>Introduction</u>

I have the honor to represent Defendant Alfia Jivan in the matter of <u>Singh v. Jivan</u>, Index No. 2:22-cv-4235-BMC.  Pursuant to Rule III(A.)(2.) of His Honor's Individual Practice Rules, this Letter respectfully requests a pre-Motion Conference on my client's Motion to Dismiss the Complaint.

## II.     <u>Procedural Background</u>

The Complaint was filed on July 19, 2022 (DE 1) and according to the ECF docket, the Defendant was served on August 25, 2022 (DE 2).  Therefore, to the extent that this Letter serves as a Motion to Dismiss (*See, e.g.*, <u>BCRS1 LLC v. Unger,</u> Case 1:20-cv-4246 (E.D.N.Y.)(Docket Entry Oct. 9, 2020)(converting pre-motion conference letter into Motion to Dismiss); <u>Klein v. Lufthansa AG</u>, Case 1:22-cv-2957 (E.D.N.Y.)(Docket Entry July 29, 2022)(same)) the Defendant understands that Rule 12(a)(4) extending the Defendant's period to serve an Answer is triggered.

## III.    <u>Argument</u>

### a.      <u>Introduction</u>

The Plaintiff seeks the wrong relief, from the wrong party, before the wrong Court. As described below, no Amendment can cure the Complaint's structural deficiencies and therefore we respectfully submit that it must be dismissed without leave to Amend.

This argument addresses first the threshold issue of jurisdiction (both the lack of personal jurisdiction over the Defendant and lack of subject-matter jurisdiction over the claim). We will then turn to the Complaint's failure to state a claim for which relief can be granted.  Last, we will outline the Complaint's failure to include necessary parties and improper venue.  On that basis, the Defendant respectfully requests that the Complaint be dismissed and without leave to Amend pursuant to Federal Rules of Civil Procedure 12(b)(1); (2); (3); (6) and (7).

    b.    <u>No Personal Jurisdiction over Defendant</u>

The Complaint itself makes clear that there is no general jurisdiction over the named Defendant (*See* Complaint at ¶¶ 3, 5).  <u>Reich v. Lopez</u>, 858 F.3d 55 (2d Cir. 2017) (noting that the "Second Circuit has yet to find such a case", <u>Reich</u>, *Id.* at 63, where an individual domiciled elsewhere is subject to general jurisdiction in New York).

Federal Rule 4(k)(1) borrows the long-arm rules of the forum state.  New York's allows for specific jurisdiction where a Defendant transacts to provide goods service in New York, commits a tort in New York, or causes injury in New York under certain conditions.  C.P.L.R. § 302(a)(1)-(3).

Broadly, § 302(a) requires that the an element of the claim "arise[] from New York contacts." <u>Licci v. Lebanese Canadian Bank</u>, 732 F.3d 161 (2d Cir. 2013) *citing* <u>Licci v. Lebanese Canadian Bank, SAL</u>, 20 N.Y.3d 327 (2012) and there must be an "articulable nexus or substantial relationship between the business transaction and the claim asserted . . ." <u>Licci</u>, 20 N.Y.3d at 339 (citations omitted).  *See generally* <u>Funk v. Belneftekhim</u>, 2017 U.S. Dist. LEXIS 192219 (E.D.N.Y. Nov. 17, 2017) *affirmed* <u>Funk v. Belneftekhim</u>, 739 Fed. Appx. 674 (2d Cir. 2018)(reviewing standards for § 302(a)(1) long-arm jurisdiction in the Second Circuit).  In <u>Licci</u>, a correspondent banking relationship did not establish jurisdiction; merely having funds flow through a New York bank is not enough.

In this case, the sole claimed nexus between Defendant and New York is as follows:

"5.    This Court has personal jurisdiction over the Defendant because the monies paid by Plaintiff to Defendant were transferred in the State of New York, and the funds were provided via check drawn from a bank located within the State of New York." Complaint at ¶ 5.

While the Complaint does contain a *pro forma* claim about the "negotiations and the forming of the actual Partnership Agreements" occurring in Nassau County (Complaint at ¶ 6), that is contradicted by the allegations throughout the Complaint that the agreements were made orally. (Complaint at ¶ 7) and involved foreign companies/corporations (Complaint at ¶ 5).  The Complaint alleges that the Parties' unwritten, unformed, unincorporated, ephemeral "Partnership" conducted all of its business in Maryland and Nevada, *See* Complaint at ¶¶ 10-14, *et passim*.  Similarly, each Cause of Action in the Complaint alleges the tortious activity occurred outside of New York State.

    c.    <u>No Subject-Matter Jurisdiction over the Dispute</u>

At no time does the Complaint allege what amount is in dispute.  While the Complaint refers several times to the original "investment" in the "Partnership" (Complaint at §§ 8, 16, and 21), the actual relief requested arises from the breach of contract with no allegation (plausible at not) that the amount in controversy is more than $75,000.00.

Second, the Complaint does not allege any basis for "putative" [sic] damages that would potentially get the claim over the 75K threshold.  *See* <u>New York Univ. v. Cont'l Ins. Co.</u>, 87 N.Y.2d 308 (1995) *citing* <u>Rocanova v. Equitable Life. Assur. Socy.</u>, 83 N.Y.2d 603 (1994) (limiting punitive damages in breach of contract matters to cases where there is "such wanton dishonesty as to imply a criminal indifference to civil obligations." <u>NYU</u>, *Id.* at 316).

Third, precedent closes the door on federal jurisdiction over dissolution of corporations and the other requests by the Plaintiff for this Court to involve itself in the internal operations of corporations in other states. "The exercise of federal jurisdiction would in effect permit the possibility of federal dissolution actions, based on state dissolution statutes, being commenced in a number of different districts in which a particular state corporation was subject to service thereby placing an onerous burden on the corporation." Codos v. National Diagnostic Corp., 711 F.Supp. 75 (E.D.N.Y. April 28, 1989) *citing* Weiss v. Routh, 149 F.2d 193, 196 (2d Cir. 1945).

d.    Failure to State a Claim

New York General Obligation Law § 5-701(a) bars enforcement of the unwritten, unformed, unincorporated, ephemeral "Partnership" because – by the Plaintiff's description – it involved a long-term relationship over perpetual companies/corporations and could not be performed within a year nor in the lifetime of the parties. In addition, the Complaint includes no plausible claim that the parties' agreed to all the material terms of the partnership. *See, e.g.*, Resurgence Asset Mgmt., LLC v. Bastion Capital Fund, LP, 306 A.D.2d 336, 760 N.Y.S.2d 662 (2d Dep't 2003)(dismissing complaint alleging oral contract where material terms not alleged and collecting cases).

The Second Cause of action appears to be a mélange of Breach of Fiduciary Duty, Breach of the Implied Covenant of Good Faith and Fair Dealing, and Unjust Enrichment claims No allegations in the Complaint support the existence of a fiduciary relationship. There is no basis to bring an action Breach of the Implied Covenant about an agreement that: (i.) doesn't exist; and (ii.) if it does exist is not in writing and has no defined term. And no allegations support a claim for unjust enrichment. Also, any of these claims would be duplicative of Breach of Contract.

The Third Cause of Action on its face is a restatement of the Breach of Contract claim (Complaint at ¶ 33) and fails to allege any basis for equitable relief. Either way it is duplicative.

e.    Additional Considerations

The Complaint admits that this case is about the management of companies and corporations in Nevada and Maryland. The failure to name them as necessary parties requires dismissal. In addition, even this Court had jurisdiction and the claims could move forward, it should be dismissed for having been filed in the wrong court and for forum *non conveniens* reasons.

## IV.    Conclusion

For these reasons, the Defendant respectfully submits that the Complaint must be dismissed without leave to Amend. We remain ready to supplement the briefing about any issue raised here if so requested.

RESPECTFULLY SUBMITTED,

Baruch S. Gottesman, Esq

*Served via ECF on all appearing parties*