UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KULDEEP SINGH,<br><br>**Plaintiff,**<br><br>-against-<br><br>ALFIA JIVAN, K & A SMOKE SHOP, LLC., LIBERTY NOVELTY, LAS VEGAS, LLC., and LIBERTY NOVELTY, MARYLAND, LLC.<br><br>**Defendant(s).** | Case No. 22-cv-04235-BMC<br><br>**JURY TRIAL DEMANDED** |

**AMENDED COMPLAINT**

Plaintiff, KULDEEP SINGH, by his attorneys, THE YITZHAK LAW GROUP, as and for his Complaint against Defendants, ALFIA JIVAN, K & A SMOKE SHOP, LLC., LIBERTY NOVELTY, LAS VEGAS, LLC., and LIBERTY NOVELTY, MARYLAND, LLC, herein alleges as follows:

### I.      PRELIMINARY STATEMENT

1.      Plaintiff brings this action as a result of Defendants breach of contract and breach of fiduciary duty under Partnership Agreements between Plaintiff and Defendants pertaining to certain business entities.

### II.      PARTIES

2.      Plaintiff, KULDEEP SINGH, at all times relevant to this action is a citizen of New York, residing at 44 Vincent Road, Hicksville, Nassau County, New York 11801.

3.      Defendant, ALFIA JIVAN (JIVAN), is a citizen of Maryland, residing at 2035 Day Road, Hagerstown, MD 21740.

4. Defendant LIBERTY NOVELTY, LAS VEGAS, LLC. (LIBERTY VEGAS), is an LLC with its principal place of business at 3401 Sirius Ave, Ste. 21, Las Vegas, NV 89102, whose only two members are Plaintiff and Defendant JIVAN.

5. Defendant K & A SMOKE SHOP, LLC (K & A). With its principal place of business at 1423 Dual Highway Suite 13A, Hagerstown, MD 21740, whose only two members are Plaintiff and Defendant JIVAN.

6. Defendant LIBERTY NOVELTY, MARYLAND, LLC. (LIBERTY MARYLAND), with its principal place of business at 2035 Day Road, Hagerstown, MD 21740, whose only two members are Plaintiff and Defendant JIVAN.

### III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00. There is diversity jurisdiction between the Plaintiff and Defendants as they are citizens of different states.

8. This Court has personal jurisdiction over Defendant Jivan because during the course of the five years the parties' various partnerships, Defendant Jivan traveled to New York on several occasions for business meeting with Plaintiff and on more than one occasion during these business trips to New York even made cash bank deposits of profits into Plaintiff's New York bank account.  This Court has personal jurisdiction over Defendants LIBERTY VEGAS, LIBERTY MARYLAND AND K & A, because there is an imputation of jurisdiction with an LLC to either of the members of the LLC or Partnership.

9. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because, in addition to the Defendant receiving the funds from Plaintiff to create the Partnership Agreements in the Eastern District of New York, the negotiations and the forming of

the actual Partnerships occurred in the County of Nassau, State of New York, where Plaintiff resides.

## IV.   FACTS

10. Plaintiff, KULDEEP SINGH, and Defendant, JIVAN, have been doing business since before mid-2017 when the parties formed a Partnership arrangement involving CBD products. The Partnership was formed via an oral agreement. The first LLC formed as a Partnership between the two was K&A.

11. It was agreed upon and understood that while Plaintiff contributed an initial investment of $150,000.00, Defendant would be responsible for the day-to-day management/operations of the businesses.

12. It was agreed that all decisions relating to the businesses would be made with the consent of both parties, and both parties would share equally in the profits and losses of the businesses.

13. Said businesses are conducted in name of following entities:

    i.   K & A Smoke Shop, LLC;

    ii.  DCM, Inc.;

    iii. Liberty Novelty, Las Vegas, LLC; and

    iv.  Liberty Novelty, Maryland, LLC.[1]

14. Plaintiff, as the Secretary (officer) of DCM, Inc., has a thirty-five percent (35%) ownership interest in DCM, Inc. Plaintiff also has a thirty-five percent (35%) ownership interest in Liberty Novelty, Las Vegas, LLC. Plaintiff has a fifty percent (50%) ownership interest in K & A Smoke Shop, LLC.

---

[1] All entities collectively referred to herein as the "Businesses."

15. On or about August 2017, Plaintiff made the initial investment in K&A Smoke Shop in Maryland.

16. On or about August 9, 2017 and August 10, 2017, Plaintiff and Defendant started discussing the K&A lease in What's App.

17. On or about August 31, 2017, Plaintiff filed an application to act as the guarantor of the K&A lease.

18. On or about November 6, 2017, Defendant came to New York to talk to Plaintiff about the partnership agreement.

19. On or about December 4, 2017, Defendant came to New York to talk to Plaintiff about the partnership agreement.

20. Throughout 2018, there were business communications between the Plaintiff and the Defendant regarding shipping, pricing, orders and customers for all the Businesses.

21. On or about January 2019, Plaintiff made his first demand for K-1s and accounting for 2018. Defendant promised these to Plaintiff by January 31, 2019.

22. On or about January 9, 2019 and January 10, 2019, Plaintiff asked Defendant why the business bank account for K & A was negative $85 when there were $29,000 in sales in December 2018.

23. On or about January 12, 2019, Defendant came to New York City and met with Plaintiff to discuss the business.

24. On or about January 19, 2019, Defendant and Plaintiff arranged to meet again in New York that week.

25. On or about February 10, 2019, a profit check of $3,000 was paid to Plaintiff by Defendant.

26. On or about February 15, 2019, Defendant promised an accounting again to Plaintiff for the 2018 calendar year.

27. On or about April 10, 2019, Defendant filed Nevada corporation documents and sent them to Plaintiff for Novelty Vegas.

28. On or about April 12, 2019, Plaintiff and Equus Business Center, L.P., a Nevada limited partnership, (hereinafter "Landlord") executed a Lease Agreement for the Premises at 3401 Sirius Avenue, units 21, 22, 32, 33, Las Vegas, NV 89102 for LIBERTY VEGAS.

29. Plaintiff personally guaranteed the lease for LIBERTY VEGAS as well.

30. LIBERTY VEGAS was formed for the purpose of packaging and distributing hemp products.

31. On or about July 9 and July 10, 2019, Plaintiff asked Defendant for the LIBERTY VEGAS bank account information and the EIN.

32. On or about September 3, 2019, Defendant kept telling Plaintiff that Plaintiff was on the filing receipt and business paperwork, but despite the Plaintiff's many requests, Defendant JIVAN never gave nor showed Plaintiff the pertinent paperwork.

33. On or about September 9, 2019, Defendant JIVAN promised Plaintiff a meeting with DEFENDANT LIBERTY VEGAS, LIBERTY MARYLAND AND K&A'S certified public accountant (CPA) on September 10, but that meeting never happened.

34. On or about September 10, 2019, DEFENDANT JIVAN discussed with Plaintiff purchasing a car for DEFENDANT LIBERTY VEGAS' business and the terms of the financing for the Hyundai Elantra in Las Vegas. DEFENDANT LIBERTY VEGAS made a down payment for this vehicle of $1000, with $200 monthly payments to be made until the vehicle was paid off. Plaintiff agreed to put the vehicle and car loan in his name.

35. On or about September 11, 2019, Plaintiff again asked DEFENDANT JIVAN about a CPA meeting.

36. On or about September 26, 2019, Plaintiff messaged DEFENDANT JIVAN regarding a bounced payment of $1725 from the K & A Bank of America bank account.

37. On or about October 1, 2021, DEFENDANT JIVAN traveled to New York to discuss the various partnerships and LLC's with Plaintiff.

38. On or about October 14, 2021, DEFENDANT JIVAN, who was in New York, and met with Plaintiff to discuss their various partnerships and LLC's , was supposed to deposit cash profits into Plaintiff's Wells Fargo bank account.  DEFENDANT JIVAN failed to do so.

39. On or about November 2021, Plaintiff asked DEFENDANT JIVAN for his distribution of the 2020 profits.

40. On or about November 14, 2021, DEFENDANT JIVAN began making settlement offers to Plaintiff to buy out his interest in the various Partnerships and LLC's.

41. On or about January 2022, Plaintiff asked DEFENDANT JIVAN for his share of the 2021 profits.

42. On or about February 2022, Defendant, with regard to the Las Vegas business, financed a car in the Plaintiff's name, and agreed to take the car out of the Plaintiff's name and reimburse Plaintiff for all the payments and insurance that the Plaintiff paid. This never came to be.

43. On or about March 20, 2022, Defendant came to New York to discuss the Businesses with Plaintiff.

44. On or about April 12, 2022, Plaintiff asked Defendant for Businesses 2021 K-1s.

45. On or about April 18, 2022, Plaintiff asked Defendant for Busiesses 2021 K-1s.

46. On or about April 20, 2022, Plaintiff asked the Defendant for car insurance payments for the Hyundai which Plaintiff had to make since neither Defendant not Liberty Vegas did.

47. On or about April 29, 2022, Plaintiff asked for the Businesses 2021 K-1s.

48. On May 12, 2022, Defendant still promised Plaintiff a wire transfer for the Businesses profits, but Plaintiff never received the transfer of those profits that Defendant promised.

49. The Businesses generate a strong cash flow. Nevertheless, Defendant has failed to maintain proper accounts of the Businesses, and has failed to provide same to Plaintiff despite Plaintiff's repeated requests for the same.

50. To date, there have been only minimal profit distributions of profits from the Businesses made by Defendant JIVAN to Plaintiff, despite the fact that there should have been a surplus of profits.[2] Defendant JIVAN has and continues to persistently avoid accounting for all profits and losses.

51. Plaintiff's profits from the Businesses, including the initial investment, exceed the minimum amount in controversy for Jurisdiction.

### V. FIRST CAUSE OF ACTION: BREACH OF CONTRACT

52. Paragraphs 1 through 52 are herein incorporated.

53. Defendant and Plaintiff orally agreed to enter into a partnership to conduct the Businesses. It was agreed that while Defendant would be responsible for the day-to-day operations of the Businesses, Defendant JIVAN would consult with Plaintiff about the major business decisions and Plaintiff would be entitled to his respective percentage of the Businesses profits in addition to the return of Plaintiff's initial investment. As discussed above, Plaintiff

---

[2] In fact, on several occasions Defendant has promised Plaintiff payments totaling $250,000 in profits.

made an initial investment totaling $150,000.00 in the Businesses. It was agreed that all major decisions would be taken by the consent of each partner. Plaintiff served as the guarantor for the K&A and LIBERTY VEGAS leases and the HYUNDAI.

54. It was also agreed that Plaintiff and Defendant would both share equally in the profits of the businesses. Their respective partnership interests are memorialized by the K1's filed with the Businesses tax returns.

55. The partnership was established sometime in mid 2017, and the parties have been doing business together since then.

56. Defendant has failed to provide an accounting to Plaintiff and/or has failed to maintain the accounts of the Businesses despite repeated requests for the same by Plaintiff. Clearly, Defendant has been prolonging the distribution of earned profits.

57. Defendant JIVAN has promised on several occasions to provide Plaintiff with an accounting, and to distribute profits in accordance with the Partnership Agreements. Nevertheless, there has not happened for more than three (3) years.

58. The Defendant has, with malafide intentions, prolonged the accounting and distribution of profits and the return of the initial investment to Plaintiff.

59. The Businesses have been performing well and Defendant JIVAN, by blatantly breaching the Partnership Agreements, seeks to benefit himself from Plaintiff's contribution of $150,000.00 to the Businesses.

60. The Businesses have been doing very well and have annual sales in excess of one million dollars. However, there have been only minimal, if any distributions of profits to Plaintiff.

61. The Defendant has failed to abide by the Partnership Agreements by failing to account for and distribute profits in accordance with the agreed upon terms. Defendant JIVAN has, therefore, breached the Partnership Agreements.

## VI.   SECOND CAUSE OF ACTION:
## BREACH OF FIDUCIARY DUTY OF GOOD FAITH AND FAIR DEALING

62. Paragraphs 1 through 61 are herein incorporated.

63. Defendant JIVAN has failed to maintain and provide to Plaintiff proper accounts of the partnership Businesses.

64. Defendant has been lingering the management of the financial affairs, and has failed to account to Plaintiff for the seemingly enormous profits made by the Businesses.

65. The Businesses seemingly have been doing tremendously well, however, there has been only a minimal distribution of profits to Plaintiff since their inception.

66. Defendant and Plaintiff memorialized their respective partnership interests pursuant to the K-1 statements filed with the tax returns.

67. Defendant JIVAN has failed to show Plaintiff relevant paperwork pertaining to whether Plaintiff was on the paperwork and filing receipt, thus keeping Plaintiff vulnerable to Defendant JIVAN's actions.

68. Defendant JIVAN has been evasive with regard to Plaintiff's requests about a meeting with a CPA, thus working to keep Plaintiff in the dark with regard to the accounting of the partnership Businesses.

69. Defendant JIVAN has committed misconduct with knowledge of the Plaintiff having personally guaranteed the K&A and LIBERY VEGAS leases. This further highlights Plaintiff's vulnerability in light of the Defendant JIVAN conduct.

70.     A fiduciary relationship exists between Plaintiff and Defendant JIVAN as prior to entering into these partnerships in 2017, Plaintiff and Defendant JIVAN did business together for several years whereby Plaintiff was a manufacturer, distributer and wholesaler who sold products to Defendant JIVAN as a wholesaler and retail store owner.  The parties also maintained a close friendship as part of the Indian-American community.

71.     Defendant JIVAN has been unjustly enriched of the benefits derived from the substantial amount of money contributed by the Plaintiff for the Businesses and from conduct and profits belonging to Plaintiff.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays the Court grant it the following relief:

a. An award for compensatory damages for the Breach of Contract of the Partnership Agreements for the Businesses;

b. An award for putative damages for Defendant's breach of fiduciary duty to Plaintiff;

c. An award for payment of all past due partnership distributions to Plaintiff;

d. Any other such further relief the Court deems just and proper.

## VIII.   JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable of right by a jury.

Dated:   Great Neck, New York
        October 12, 2022

**THE YITZHAK LAW GROUP**
*Attorneys for Plaintiff*

By: /s//Erica T. Yitzhak
Erica T. Yitzhak, Esq.
1 Linden Place, Suite 406
Great Neck, New York 11021
(516) 466-7144
erica@etylaw.com

## CERTIFICATION AND VERIFICATION

STATE OF NEW YORK )
) ss:
COUNTY OF NASSAU )

KULDEEP SINGH, being duly sworn, deposes and states:

I am a Plaintiff in the within action. The foregoing Complaint is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this Complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with the requirements of Rule 11.

Dated: 10/13/22, 2022

_____
KULDEEP SINGH

Sworn to before me this
13th day of October 2022

_____
Notary Public

JENINE A. SUMPTER
Notary Public, State of New York
No. 01SU6362994
Qualified in Queens County
Commission Expires August 14, 2025